UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STANLEY TAYLOR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No.  4:13CV961 TIA |
| ) | |
| MARK CARICH, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner's Motion for Appointment of Counsel (Docket No. 19).  The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

On May 17, 2013, Petitioner filed a petition under 28 U.S.C. § 2254 for a writ of habeas corpus, raising one ground for federal habeas relief.  Respondent filed a  Response to Order to Show Cause on August 23, 2013.  Petitioner requests that the Court appoint him an attorney.

"[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings . . ." McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997).  In order to determine whether appointment of counsel is appropriate, the court must consider "the factual and legal complexity of the case, and the petitioner's ability both to investigate and to articulate his claims without court appointed counsel."  Id. (citations omitted).  In the instant case, Petitioner raises only one ground for habeas relief, and it does not appear to be factually or legally complex.  Further, Petitioner has articulated his claim in a clear, concise manner.  At this stage of the litigation, legal counsel is unnecessary. Thus, Petitioner's motion for appointment of counsel will be denied at this time.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion for Appointment of Counsel (Docket No. 19) is **DENIED**. If the Court later determines that counsel is required, it will issue an appropriate order.

/s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

Dated this  20th  day of December, 2013.